```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   9/2/25
```

DR. KEITH E. PYNE, et al.,

        Plaintiffs,

    -against-

CKR LAW LLP, et al.,

        Defendants.

24-CV-2912 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The fact discovery deadline in this action, originally set for December 3, 2024, *see* Initial Case Mgmt. Order (Dkt. 41) ¶ 5, has been extended five times thus far. The last two extensions were requested by defendants CKR Law, LLP (CKR) and Jeffrey Rinde for the purpose of taking the depositions of plaintiffs Keith E. Pyne and Enrico Desiata. *See* Dkt. 51 (extending deadline to February 3, 2025); Dkt. 60 (extending deadline to April 3, 2025); Dkt. 75 (extending deadline to June 27, 2025); Dkt. 82 (extending deadline to July 25, 2025, at defendants' request, for the purpose of scheduling plaintiffs' depositions, and warning that "[n]o further extensions of this deadline will be granted absent compelling circumstances."); Dkt. 84 (extending deadline to August 27, 2025, at defendants' request, for the purpose of scheduling plaintiffs' depositions, and again warning that "[n]o further extensions of this deadline will be granted absent compelling circumstances.").

On August 22, 2025, defendants filed a letter-motion (Def. Mot.) (Dkt. 85) seeking an order compelling plaintiffs to appear for deposition and produce additional documents, and extending the fact discovery deadline, for a sixth time, for those purposes. Plaintiffs filed an opposition letter-brief (Pl. Opp.) (Dkt. 86) on August 25, 2025. Defendants' reply letter was due on August 27, 2025 (*see* Moses Ind. Prac. § 2(e)), but defendants did not file any reply.

No conference is required. For the reasons that follow, defendants' letter-motion will be denied.

## Depositions

Defendant Rinde has had more than eight months to schedule and conduct the plaintiffs' depositions.[1] Insofar as the record reflects, he made no effort to do so until Sunday, July 20, 2025 (four court days before the expiration of the then-current fact discovery deadline on July 25, 2025). On July 20, Rinde emailed plaintiffs' counsel to ask if plaintiffs were available for deposition on Thursday and Friday, July 24 and 25. (Dkt. 85-3 at ECF p. 2.) Counsel replied that they themselves had scheduling conflicts on those days, but that if defendants obtained another extension of the fact discovery deadline they would inquire with their clients as to their availability in the following weeks. (*Id.*)

Rinde then sought and obtained an additional 30 days, until August 25, 2025, to take plaintiffs' depositions. (Dkts. 83, 84.) However, notwithstanding the Court's warning that "[n]o further extensions of this deadline will be granted absent compelling circumstances" (Dkt. 84), Rinde again did nothing until the last minute, this time emailing plaintiffs' counsel on August 20 (three court days before the expiration of the new fact discovery deadline) to complain that plaintiffs had failed to provide him with dates for their depositions. (Dkt. 85-3 at ECF p. 1.) In that email, Rinde threatened to "seek the Court's intervention" if he did not receive a response by noon the following day. (*Id.*) However, Rinde did not propose any particular date(s) for the depositions. On August 21, plaintiffs' counsel responded that they were under "no affirmative obligation to schedule Defendants' discovery on Defendants' behalf," and advised that they would not consent to any further discovery deadline extensions. (*Id.*)

---

[1] Rinde is an attorney and a partner in CKR. In this action, he is representing himself, pro se, and is also representing CKR as its counsel of record.

Insofar as the record reflects, Rinde never picked up the telephone (or asked plaintiffs to schedule a call) so that the parties could coordinate their schedules and set deposition dates. Nor did he take any other steps to meet and confer with plaintiffs before seeking discovery relief from the Court, as required by Fed. R. Civ. P. 37(a)(1) (requiring the movant to certify that he had "in good faith conferred or attempted to confer" with the opposing party in an effort to obtain the desired discovery "without court action") and Moses Ind. Prac. § 2(b) ("[a]n exchange of letters or email alone does not satisfy this requirement.").

In their moving letter, defendants complain that plaintiffs' counsel never got back to attorney Rinde with plaintiffs' availability for deposition, and argue that it was "bad faith" for them to fail to do so. Def. Mot. at 1. In their opposition letter, plaintiffs remind the Court that Rinde has engaged in a pattern of delaying activity throughout this action (*see*, *e.g.*, Dkts. 11, 17, 36, 51 (¶ 1), 69, 75 (¶¶ 1-3), 76, 78-79), and argue that "[h]ad Defendants made a timely effort to notice or schedule Plaintiffs['] depositions before any of the six (6) deadlines for Defendants to take said depositions, they would have been long ago completed." Pl. Opp. at 2.

Defendants are correct. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (citation omitted). Here, defendants did almost nothing to secure plaintiffs' depositions. Instead, they improperly seek to blame plaintiffs for not doing enough to schedule their own depositions. *See Boadi v. Policella Farms Sales*, 2024 WL 3223905, at *4 (E.D.N.Y. June 29, 2024) (rejecting plaintiff's effort to "shift the blame to Defendants . . . for their failure to timely provide suitable deposition dates," when the record showed that plaintiff never served any deposition notices); *Lebenns v. Frost Prods.*, 2023 WL 7403624, at *6 (S.D.N.Y. Nov. 9, 2023) ("Both Parties blame

the other for not scheduling the depositions in a timely manner[.] However, this Court need only address the diligence (or lack thereof) of the moving party[.]"), *objections overruled,* 2023 WL 8649021 (S.D.N.Y. Dec. 14, 2023).

Even assuming, *arguendo*, that Rinde initially expected plaintiffs' counsel to propose deposition dates to him, he should have reached out to them long before August 20 to discuss schedules. Alternatively, he should have served deposition notices pursuant to Fed. R. Civ. P. 30, specifying dates prior to August 25, 2025, which would have put the onus on plaintiffs to object if they or their clients were unavailable on those dates. *See Boadi*, 2024 WL 3223905, at *5 ("Plaintiff could have served a notice of deposition containing a date and time as a placeholder that Defendants . . . would have been entitled to object to, based on deponent availability."). Instead, Rinde waited until the last minute, at which point he chastised plaintiffs for failing to suggest any dates, but still did not propose any himself. This is not the conduct of a party that is serious about taking depositions. Rather, it is the conduct of a party attempting to put off, yet again, plaintiffs' anticipated summary judgment motion.

Defendants' failure to meet and confer with plaintiffs prior to seeking discovery relief from the Court provides another reason to deny their current motion. *See Kaye v. N.Y.C. Health & Hosps. Corp.*, 2020 WL 7237901, at *10 (S.D.N.Y. Dec. 9, 2020) ("As many courts have held, the failure to meet and confer in good faith with opposing counsel is 'sufficient reason by itself to deny [a party's] motion to compel.'") (quoting *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016)); *Azzarmi v. Key Food Stores Co-Operative Inc.*, 2021 WL 1734922, at *3-4 (S.D.N.Y. May 3, 2021) (denying discovery relief where plaintiff requested a meet-and-confer but did so at the last minute, giving opposing counsel less than two days to

respond).[2] Consequently, this Court will not compel plaintiffs to appear for deposition, nor extend

the discovery schedule – again – for that purpose.

### Documents

For similar reasons, this Court will not compel plaintiffs to produce additional documents,

nor extend the discovery schedule for that purpose. Plaintiffs completed their document production

on January 17, 2025. Pl. Opp. at 3. Three months later, on April 15, 2025, defendants first

suggested that the production was insufficient, but did not provide any specifics. *See* Joint Ltr.

(Dkt. 70) at 2 ("Defendants believe there are additional discoverable documents within Plaintiffs'

possession which still need to be produced. Defendants will provide a list of these documents to

Plaintiffs' counsel."). One month after that, on May 15, 2025, Rinde wrote the following email to

plaintiffs' counsel:

> I have further reviewed Plaintiffs' Document Productions. It is evident from the
> content and dates of various documents, communications, and correspondences that
> Plaintiffs have failed to produce all documents, communications, and attachments
> responsive to Defendants' Requests for Production Numbers 3, 4, 5, 7, 8, 13, 16,
> 17, 18, 21, and 28. These would include but not be limited to all communications
> and correspondences between or among one or both Plaintiffs and Rick Siegel,
> David Ault, Mark Fouche, Rich Silverstein, and/or any other person regarding one
> or both Defendants. In addition, the company formation and related documents for
> Valley Green Partners, LLC, Renewable Energy Fund, LLC, MTE Consulting, Inc.,
> MTE Consulting, LLC, and Kesil, LLC were not produced. Finally, as previously
> discussed, any bank or other records for payments made by Plaintiff Pyne to
> Defendant CKR Law.

(Dkt. 85-4 at ECF p. 1.) Plaintiffs' counsel agreed to "inquire with our clients as to [these]

documents[.]" (*Id.*) Thereafter, insofar as the record reflects, neither side communicated with the

other concerning additional discoverable documents in plaintiffs' possession until August 20,

---

[2] On November 19, 2024, this Court reminded defendants that they were required "to review the
docket of this action on a frequent basis and to comply with the Federal Rules of Civil Procedure,
the Local Rules of this Court, the Individual Practices of the assigned judge, and all scheduling
and other orders issued by the Court." (Dkt. 51 at 1-2.)

2025, when Rinde noted that plaintiffs had neither provided deposition dates nor produced any further documents. (Dkt. 85-3 at ECF p. 1.) Plaintiffs' counsel promptly responded that they had inquired with their clients about documents, and "were advised, after they searched for additional documents, that there were no further responsive documents in their possession." (*Id.*)

Having undertaken in May to inquire as to whether their clients possessed any additional discoverable documents, plaintiffs' counsel should not have waited until August, when prompted by email, to report that they had in fact inquired and that there were no such documents. However, defendants were equally lackadaisical, and – since it is defendants who now seek an order compelling discovery and extending the discovery schedule – the question for this Court is whether *defendants* acted with diligence to obtain the discovery they ask this Court to compel out of time. *Lebenns*, 2023 WL 7403624, at *6 ("[T]his Court need only address the diligence (or lack thereof) of the moving party[.]"). They did not.

Moreover, as noted above, defendants failed to ask for a meet-and-confer with plaintiffs concerning any missing documents. Additionally, they failed to comply with Local Civil Rule 37.1, which requires the moving party to quote or set forth verbatim "each discovery request and response to which the motion or application is addressed." My Individual Practices reinforce this requirement: "[T]he letter-motion must set forth verbatim each discovery request and response in contention in accordance with Local Civ. R. 37.1 and 5.1. This requirement may be satisfied by attaching the relevant request(s) and response(s) to the letter-motion." Moses Ind. Prac. § 2(b). Absent the underlying requests and responses, this Court has no way of knowing whether the allegedly missing documents were properly requested. Nor have defendants provided any support for their vague contention that "it is evident from the content and dates of various documents, communications, and correspondences that Plaintiffs <u>did</u> previously produce" that they are

withholding additional responsive documents. Def. Mot. at 1. Consequently, defendants are not entitled, particularly at this late date, to an order compelling plaintiffs to produce additional documents.

## Conclusion

Plaintiffs' letter-motion (Dkt. 85) is DENIED. No party having sought expert discovery, summary judgment motions (or, if required by the district judge, pre-motion conference letters with respect to summary judgment) are due no later than **October 2, 2025**, and must comply with the Individual Practices of the district judge. *See* Initial Case Mgmt. Order ¶ 13. Nothing in this Order, however, requires a party seeking summary judgment to wait until October 2, 2025 to file its summary judgment motion or pre-motion conference letter.

Dated: New York, New York
      September 2, 2025             **SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**